IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-00461-RAH |
| | ) | [WO] |
| BRENDA VAN REIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Plaintiff David M. Key, an inmate proceeding *pro se*, seeks monetary damages under 42 U.S.C. § 1983 for violating his constitutional rights.  (Doc. 6 at 4.)  He asserts Defendants Brenda Van Reil, Caleb Creech, Jordan Johnson, Roni Phillips, and Tony Murphy subjected him to unconstitutional conditions of confinement and violated his right to be free from the use of excessive force.  (*Id.* at 2–3.)  Plaintiff alleges that officers beat him while handcuffed, placed him "in a cell called 1019 with no toilet and no sink and force[d] [him] to urinate on the floor," and unnecessarily prolonged his term of disciplinary segregation.  (*Id.* at 3.)

On March 16, 2023, Defendants filed the Special Report, in which they move for summary judgment and provide supporting evidentiary materials including, but

not limited to, affidavits.[1]  (*See* Docs. 37, 42, 43, 44, 45, 46, 47.)  On March 17, 2023, the Court directed Plaintiff to file Responses to "each argument and defense raised by Defendants."  (Doc. 38 at 1.)  On May 23, 2023, Plaintiff responded.  (*See* Docs. 53, 54, 55, 56, 57, and 58.)

In its March 17, 2023 Order, the Court notified the parties that it would "treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper" and that it would "rule on the dispositive motion . . . after considering any response filed in compliance with th[e] Order."  (Doc. 38 at 3.)  Accordingly, the Court will now treat the Special Report as a motion to dismiss and grant the Motion based on Plaintiff's failure to exhaust his administrate remedies before filing suit.

## II.    THE EXHAUSTION REQUIREMENT

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).[2]  Exhaustion of all

---

[1] On March 17, 2023, the Court directed the Defendants to "submit the signed and executed Affidavits of Defendants," (Doc. 39 at 1), and the Defendants submitted such Affidavits on March 30, 2023.  (*See* Docs. 42, 43, 44, 45, 46, and 47.)

[2] Title "42 U.S.C. § 1997e, which is designed to deter the filing of frivolous litigation against prison officials, applies to both pretrial detainees and convicted prisoners."  *Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015).

available administrative remedies is a mandatory precondition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The requirement is not subject to waiver by a court, or futility or inadequacy exceptions." *Mathews v. Walters*, No. 3:23-cv-10264, 2023 WL 8881170, at *2 (N.D. Fla. Dec. 4, 2023), *report and recommendation adopted*, 2023 WL 8879768 (N.D. Fla. Dec. 22, 2023) (citing *Booth*, 532 U.S. at 741 n.6).[3]

To properly exhaust one's administrative remedies, an inmate must "us[e] all steps" in the administrative process and comply with all "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Thus, if an inmate has filed "an untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83–84. If an inmate has failed to properly exhaust his available administrative remedies before filing suit, the Court *must* dismiss the action. *See Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) (emphasis added).

---

[3] *See also Daniels v. Allen*, No. 6:17-cv-45, 2020 WL 1663370, at *1 (S.D. Ga. Apr. 3, 2020) ("Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances.") (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016) (finding that the PLRA requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account")).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

*Id.* (citing *Bryant*, 530 F.3d at 1373–74). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373–74, 1376). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083. "The defendants bear the burden of proving that the plaintiff has failed to exhaust." *Id.* at 1082 (citing *Jones v. Bock*, 549 U.S. 199 (2007)).

## III.    FACTUAL ALLEGATIONS AND EVIDENCE

### A.    Plaintiff's Amended Complaint

Plaintiff's Amended Complaint, which is verified under the penalty of perjury, sets forth the following factual allegations. The constitutional violations that allegedly occurred happened at the Houston County Jail. (Doc. 6 at 2.) On July

18, 2022, Defendants Van Reil, Murphy, Creech, and Johnson[4] placed Plaintiff in a cell known as 1019, which did not have a toilet or sink. (*Id.* at 3.) As a result, Plaintiff was "force[d] to urinate on the floor." (*Id.*) During such time, Defendants Johnson, Creech, and Gray handcuffed Plaintiff "and used excessive force and guard brutality." (*Id.*) Specifically with respect to excessive force, Defendant Johnson grabbed Plaintiff's head and attempted to drown him, and Defendant Creech beat him in the side. (*Id.*) Sometime later, Defendants Van Reil, Creech, Murphy, and Johnson beat him again in his side. (*Id.*) Most relevant to exhaustion, Plaintiff states that he "never got appeal paper but wrote grievances." (*Id.* at 2.)

## B.    The Defendants' Special Report

The Defendants argue that Plaintiff's claims are barred because Plaintiff "failed to complete [the Houston County Jail's] grievance process for all claims." (Doc. 37 at 7.) As a result, according to the Defendants, Plaintiff did not "exhaust his administrative remedies and can never exhaust them." (*Id.*)

The Houston County Jail Inmate Handbook provides:

1. If an inmate has a grievance, they may complete a grievance using the pod kiosk. Grievances are by individual inmate only. If more than one inmate has the same grievance, each inmate must submit their own grievance. Inmates may only submit one grievance per day.

---

[4] Plaintiff also alleges that Defendant Spot or Spots placed him in cell 1019 and used excessive force, but no such individual is named as a Defendant in the Amended Complaint. (Doc. 6 at 3.)

2.  Complete the grievance providing as much detail as possible in the space provided for the inmate.  Each grievance may only address one issue and the grievance cannot contain cuss words or any disparaging comments about any person.  The grievance must be submitted within three days of the event that is the basis of the grievance.  The inmate shall state in their grievance the details and the date of the event made the basis of the grievance.  Grievances that do not conform to policy are returned without the grievance issue being addressed.

3.  The Grievance Deputy has 15 days to investigate and answer the grievance.

4.  If the inmate is not satisfied with the response to the grievance, the inmate may[5] appeal the decision using a grievance appeal form.  An appeal form may be obtained by asking sheriff's office personnel for an appeal form.  The completed grievance appeal form shall be placed in the secure box.  The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision.  The sheriff's office member hearing the appeal will have 30 days to answer the appeal.

5.  If an inmate is dissatisfied with the response to an appeal, they may repeat the appeal procedure as detailed in item 4 until they reach their third[] and final appeal.  The Jail has a three appeal process and the response to the third appeal is the final decision.

---

[5] Although this language is permissive, this remedy must nevertheless be exhausted under the PLRA if it is found to be "available" to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *see also, e.g.*, *Johnson v. Thyng*, 369 F. App'x 144, 148 (1st Cir. 2010) ("[E]ven assuming that [plaintiff] has correctly characterized the third level of [the] grievance process as optional, and not mandatory, a level three grievance directed to the Commissioner was an 'available' remedy for purposes of PLRA exhaustion.  [Plaintiff's] concession that he did not file one dooms his § 1983 claim."); *Gabb v. Tran*, No. 22-cv-86, 2023 WL 8810185, at *4 (S.D. Ill. Dec. 20, 2023) ("Plaintiff . . . makes technical arguments about the language of the Illinois Administrative Code, which states that an inmate 'may' appeal a grievance . . ., but ultimately it is the PLRA and case law that controls and requires an inmate to exhaust 'all available' remedies."); *Braimah v. Shelton*, No. 4:03-CV-3135, 2005 WL 1331147, at *3 (D. Neb. May 20, 2005) (finding that, even though the language of the inmate regulations handbook made the grievance process permissive, exhaustion of any available remedies was mandatory under the PLRA).

6. If an inmate has an emergency, he or she may make an oral request to any member of the sheriff's staff.  The sheriff staff member will immediately notify a supervisor who will investigate the emergency grievance.  An emergency is anything that affects the immediate life, safety, or health of the inmate or the security and safety of the facility.

7. All grievances are tracked to ensure that (1) inmates grievances are answered; (2) inmates have followed the rules regarding filing grievances and appeals.

(Doc. 37-2 at 8.)

### C.    Plaintiff's Response

Plaintiff does not refute that the jail has a grievance policy of which he was aware.  Instead, Plaintiff generally alleges that he filed "a grievance on everything" via the "old system NCIC" but that the grievances "never made it" to the final appeal. (Docs. 53; 54.)  He alleges that he submitted over ten grievances. (Doc. 53 at 1.)

## IV.    DISCUSSION

The Court must first consider the factual allegations in the Defendants' Special Report and Plaintiff's Responses.  *See Turner*, 541 F.3d at 1082.  If they conflict, the Court must accept the Plaintiff's version of the facts as true.  *Id.*  If, in that light, Defendants are entitled to have the Amended Complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.  *Id.* (citation omitted).

Defendants have alleged that the Houston County Jail had a grievance procedure in place that was available to Plaintiff. When an inmate has a grievance,

the inmate may submit a grievance to jail staff. Inmates use a kiosk to submit grievances and other types of communication to jail staff. If a kiosk is not functioning, inmates are provided with paper forms to communicate with jail staff. In addition, grievances of an emergency nature may be made orally. If an inmate is dissatisfied with the response to the grievance, he may make a series of appeals in writing up the chain of command to the Sheriff. (Doc. 37 at 2.) Defendants assert that Plaintiff "failed to complete [the Houston County Jail] grievance process for all claims." (*Id*. at 7.) Defendants assert that Plaintiff neither filed nor appealed a handwritten or electronic grievance regarding the allegations at issue here.

In response, Plaintiff does not dispute his awareness of the grievance procedure. Instead, he maintains that he filed grievances under the older "NCIC" system regarding his claims but that none made it to the final appeal stage. (Doc. 53 at 1; Doc. 54 at 1.) The Court is left to guess as to when Plaintiff may have submitted the grievances to jail officials and must speculate about the specific allegations set forth in each grievance. Although Plaintiff maintains that he "never got [an] appeal paper," (Doc. 6 at 2), Plaintiff does not explain why he did not make an oral request.

Accepting Plaintiff's version of the facts as true, the undersigned finds that Plaintiff has failed to demonstrate that the grievance procedure was unavailable to him. The Supreme Court has recognized three circumstances in which an administrative remedy, although officially on the books, may be considered

8

unavailable to an inmate. *See Ross v. Blake*, 578 U.S. 632, 643 (2016). First, a remedy is unavailable when "it operates as a simple dead end" because prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, a remedy is unavailable if the grievance process is "so opaque that it becomes, practically speaking, incapable of use." *Id.* This occurs when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 644. Finally, a remedy is unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

Even assuming Plaintiff did not receive an "appeal paper," he does not allege that he sought a form from any prison official in order to file an appeal or that his request was ignored or denied. His bare allegation that he did not receive paperwork is "vague and conclusory and without factual detail, context, or other support [and thus] fail[s] to demonstrate that the [grievance] procedure was not available to him." *See Armstrong v. Woods*, No. 2:18-CV-161, 2021 WL 1035103, at *6 (M.D. Ala. Feb. 23, 2021) (finding that, because the plaintiff did not allege that he personally sought a grievance form from prison staff to initiate the grievance process regarding the allegations in his complaint, nor did he state that prison staff refused a specific request from him that he be provided with that form, he failed to demonstrate that the grievance process was unavailable to him).

In this case, Plaintiff did not avail himself of the administrative remedies provided in the Houston County Jail Inmate Handbook by appealing the denial of any grievances. Given that Plaintiff made no attempt to submit grievance appeals regarding the claims currently before the Court, Plaintiff's allegations fail to establish that he was thwarted from taking part in the grievance process through machination, misrepresentation, or intimidation. *See Ross*, 578 U.S. at 644.

Thus, taking Plaintiff's version of the facts as true, Plaintiff failed to properly exhaust his available administrative remedies before filing this lawsuit. *See Woodford*, 548 U.S. at 83–84, 90–91. Accordingly, because such exhaustion is a mandatory precondition to suit, this case must be dismissed. *See Turner*, 541 F.3d at 1082; *Chandler*, 379 F.3d at 1286.

## V.    CONCLUSION

Based on the above, it is **ORDERED** as follows:

1.  The Defendants' Special Report, (doc. 37), which is construed as including a motion to dismiss, is **GRANTED** to the extent that the Defendants seek dismissal of the Amended Complaint for Plaintiff's failure to exhaust available administrative remedies. It is **DENIED as moot** in all other respects.

2.  This case is **DISMISSED without prejudice**.

10

DONE, on this the 11th day of March 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE